[764 NYS2d 859]

In the Matter of JAMES V. SIMMONDS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 22, 2003

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Gloria A. Bunze* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition containing two charges of professional misconduct. After a hearing on September 5, 2002, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither cross-moved nor submitted any response to the Grievance Committee's motion.

Charge One alleges that respondent made, authorized, or ratified misrepresentations to a mortgage banking company for the purpose of supporting a loan application and that such conduct involves dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In early 1996 the United States Attorney for the District of New Jersey began an investigation into mortgage banking fraud which concerned a scheme to fraudulently obtain loans from a New Jersey mortgage company, Parkway Mortgage, Inc. The investigation revealed that in late 1995 or early 1996, a client, T.S., asked the respondent if he would represent V. in the purchase of T.S.'s home with the proceeds of a loan from Parkway. The respondent represented V. for a $1,000 fee.

Although T.S. informed the respondent that V. had the assets to close, he indicated that a letter from the respondent to Parkway, stating that the respondent was holding escrow money for V., was necessary in order to aid in the approval of V.'s loan. The respondent was aware that Parkway relied on a buyer's assets in approving loans and that it was being misled about V.'s assets.

The respondent authorized T.S. to write, sign, and submit such a letter under the respondent's name without knowledge of the amount of escrow being misrepresented. In February 1996 a Parkway representative telephoned the respondent and asked for a second updated letter verifying that the respondent was still holding approximately $67,000 in escrow for V. T.S. assured the respondent that V. needed substantially less than $67,000 to close and had that sum available to him from the settlement of a personal injury lawsuit. T.S. wrote the second escrow letter which he faxed to the respondent. This second letter falsely represented that respondent was holding approximately $67,000 in his Mortgage Escrow Trust Account on

behalf of V. The respondent clipped off the fax trailer at the top of the letter and submitted it to Parkway.

In exchange for the respondent's cooperation, the United States Attorney in June 1996 entered into an agreement with the respondent whereby the government would not bring any potential charges against him arising from any misrepresentations made, authorized, or ratified by him for the purpose of supporting V.'s loan application.

Charge Two is predicated upon the allegations of Charge One and alleges that the respondent's conduct adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Inasmuch as the facts are undisputed, the Grievance Committee's motion to confirm the Special Referee's report sustaining both charges of professional misconduct should be granted.

In determining an appropriate measure of discipline to impose, the Special Referee notes that the respondent demonstrates great remorse. The respondent's cooperation with both the government and the Grievance Committee has been total and unequivocal. The Grievance Committee submits that it has not previously issued any letters of caution or admonition to the respondent.

Balancing the severity of respondent's offense, the absence of actual harm to the lending institution, and the mitigation offered by the respondent, he is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, James V. Simmonds, is suspended from the practice of law for a period of one year, commencing October 22, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, James V. Simmonds, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.